José López Quiles, Plaintiff and Appellee, *v.* Rafael Ramírez Seda, Defendant and Appellant.

No. 7158.    Argued December 17, 1936.—Decided November 3, 1937.

*R. Ramírez Pabón* for appellant.    *F. Prieto Azúar* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

José López Quiles was struck by the defendant's automobile while crossing Ponce de León Avenue. The accident happened on the 24th of December, 1933, at 5 o'clock in the morning when the plaintiff stood but a few feet from the sidewalk with his back to the street. A suit was filed claiming damages in the sum of $4,910. After a trial, the Dis-

trict Court of San Juan rendered judgment in favor of the plaintiff for $1,210, and it is from that judgment that the present appeal has been taken.

The first assignment of error reads:

"1. The court erred in deciding that the appellee received severe bruises on the right side of the face, on the left thigh and on the thorax and a fracture of the internal and external maleoles of the right foot."

The lower court's expression in the second paragraph of its opinion, and which has been transcribed into the first error, is an overstatement of the injuries suffered by the plaintiff, if we are to accept, as we must, the testimony of the plaintiff's own doctor. He characterized the facial bruises as slight (*leves*), and said that there was no fracture of any of the bones of the left ankle. There is a discrepancy between the Court's finding and the doctor's testimony as to the foot that was injured but we do not consider it important. Although the court was not justified in making the statement referred to, it does not seem to have played a very important role, for the opinion itself later lays emphasis on the arthritis of the injured ankle as a result of the accident. According to the physician it was this arthritis which really temporarily incapacitated the plaintiff. The first assignment, therefore, does not call for a reversal.

The second error concerns the negligence of the driver and the speed with which the car was driven. On the question of negligence of the defendant's chauffeur, Juan Mayor Martínez, all we have to say is that the testimony of the witnessess for the plaintiff was sufficiently strong and convincing to justify the finding of the court. The witnesses for the defendant do not convince us, and the testimony of his principal witness, a policeman by the name of Lorenzo Feijóo is extremely weak. He testified, under oath, that he had been present at the scene of the accident and that the chauffeur of the vehicle was travelling at a moderate rate of speed, had his lights on, and blew his horn when the accident

occurred. On cross- examination, however, he admitted that on information and belief he had sworn out a complaint against the chauffeur for driving with his lights out and without blowing his horn. We can not find that the court was bound to believe him.

■■ The third assignment is the most important. It says:

"3. The court erred in holding that the answer of the appellant, because of its form, admits the facts alleged in the complaint."

The appellant maintains that the lower court, because of his failure to deny considered all the facts alleged in the complaint as admitted. The actual record, however, shows that only with regard to the amount *spent* on medicine by the plaintiff and his loss of earnings as a commission merchant, was there no evidence introduced. These two averments, clearly mentioned in the complaint, were the recitation of ultimate and provable facts, and a duty arose to deny them specifically. The failure to do that amounted to the admission of their truth and obviated the necessity of their proof. Furthermore, the plaintiff at the trial, as the court pointed out in its opinion, stated that the answer did not deny the allegation of earnings and medicinal expenses and thus admitted it. Even at that stage the defendant had an opportunity to ask leave to amend his answer. Under the circumstances we feel that the court did not commit the third error.

The fourth error recites:

"4. The court erred in deciding that there was a preponderance of the evidence in favor of the appellee and in determining the law to be in appellee's favor and against the appellant."

We have closely read the transcript of evidence and are definitely of the opinion that the clear preponderance of the evidence favored the plaintiff. The fourth error does not exist.

██ On the matter of the excessiveness of the indemnity granted, we are inclined to think that $500 for a dislocated ankle, where the plaintiff has had to walk on crutches for three or four months, is not too high and we are not disposed to question the estimate made by the lower court in this regard.

The judgment appealed from should be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.